UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

COURTNEY BALLARD,

                                   Plaintiff,      **COMPLAINT**

    -against-

                                                   **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
LIEUTENANT SEAN MOHAN, POLICE
OFFICER EFRAIN NARVAEZ (SHIELD #26640)
and UNIDENTIFIED POLICE OFFICERS,

                                   Defendant(s).
----------------------------------------------------------X

Plaintiff, by her attorney the law firm of HALPERIN & HALPERIN, P.C., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to and state as well as pursuant to the laws of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4. Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

5. This Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. Section 1367.

## PARTIES

6. The plaintiff COURTNEY BALLARD was and still is a resident of the City, County and State of New York..

7. Upon information and belief, at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK (hereinafter "NYC") was and still is a municipal

corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants LIEUTENANT SEAN MOHAN (hereinafter "MOHAN"), POLICE OFFICER EFRAIN NARVAEZ SHIELD #26640 (hereinafter "NARVAEZ") and UNIDENTIFIED POLICE OFFICERS sued herein in their capacities as individuals, were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

8. Upon information and belief, at all times hereinafter mentioned, defendants MOHAN, NARVAEZ and UNIDENTIFIED POLICE OFFICERS, were employed by the defendant, NYC, as members of its police department.

9. Upon information and belief, at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), including all the police officers thereof.

10. The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the Commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

11. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the common law of the State of New York.

12. Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under color of law.

13. A Notice of Claim was served on the Comptroller of the City of New York, on or about October 16, 2012.

14. A 50-H hearing was conducted on December 13, 2012; and as of this date, plaintiff's demand for payment has not yet been addressed by the defendants.

15. More than thirty days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof has been neglected or refused.

16. The state claims in this cause of action are commenced within one year and ninety days of when these causes of action arose; and the federal claims are brought in a timely manner within three years of the date they accrued.

## STATEMENT OF FACTS

17. On October 28, 2011, at approximately 5:20 pm plaintiff was walking in the vicinity of East 132nd Street between Madison Avenue and Park Avenue in the City, County and State of New York.

18. Plaintiff observed an acquaintance from the neighborhood standing with his infant child and talking with another acquaintance at the location set forth above and stopped to say hello.

19. When plaintiff left her acquaintances and continued walking, she turned around and observed defendants MOHAN, NARVAEZ and UNIDENTIFIED POLICE OFFICERS approach and begin to search said acquaintances.

20. Plaintiff returned to where defendants MOHAN, NARVAEZ and UNIDENTIFIED POLICE OFFICERS were standing and was told by said defendants MOHAN, NARVAEZ and UNIDENTIFIED POLICE OFFICERS that plaintiff's acquaintances were drug dealers.

21. Plaintiff told defendants MOHAN, NARVAEZ and UNIDENTIFIED POLICE OFFICERS that she knew her acquaintances and that, to her knowledge, they were not drug dealers.

22. Defendants MOHAN, NARVAEZ and UNIDENTIFIED POLICE OFFICERS called plaintiff a "bitch" in sum and substance and told plaintiff to mind her own

business.

23. Defendants MOHAN, NARVAEZ and UNIDENTIFIED POLICE OFFICERS began to search the baby, taking the hat off the baby, removing the baby from the stroller, and handing the baby to plaintiff even though the baby was not her child.

24. Defendants MOHAN, NARVAEZ and UNIDENTIFIED POLICE OFFICERS did not find any illicit items on plaintiff's acquaintances or the baby and proceeded to walk away.

25. Plaintiff then requested the badge numbers of defendants MOHAN, NARVAEZ and UNIDENTIFIED POLICE OFFICERS.

26. Defendants MOHAN, NARVAEZ and UNIDENTIFIED POLICE OFFICERS refused to provide plaintiff with their badge numbers.

27. Defendants MOHAN, NARVAEZ and UNIDENTIFIED POLICE OFFICERS then entered into their patrol car, and plaintiff briefly stood in front of the patrol car writing down the car numbers.

28. When plaintiff finished taking down the patrol car numbers, defendants MOHAN, NARVAEZ and UNIDENTIFIED POLICE OFFICERS' exited their patrol car and one defendant placed plaintiff under arrest by grabbing plaintiff's arms, forcing plaintiff's arms back and forth, and pushing plaintiff until she screamed even though she was peacefully allowing defendants to arrest her.[1]

29. Plaintiff was placed in handcuffs by the defendants and removed to the PSA 5 precinct.

30. Plaintiff was falsely charged with several crimes including:

-violation of the NYPL § 120.20 Reckless Endangerment in the Second Degree, a class A Misdemeanor;

---

[1] Such handling caused injury to plaintiff's collar bone, which was recently broken in an unrelated incident.

        -violation of NYPL § 195.05 Obstruction of Governmental Administration in the Second Degree, a class A Misdemeanor;

        - violation of NYPL § 205.30 Resisting Arrest, a class A Misdemeanor; and

        - violation of NYPL § 240.20(2) Disorderly Conduct, a Violation.

31. Plaintiff remained in jail overnight and was brought before a criminal court judge and arraigned on October 29, 2011 at which point plaintiff was released on her own recognizance.

32. Plaintiff was forced to appear in criminal court again on December 13, 2011; January 30, 2012; March 14, 2012; April 26, 2012; May 31, 2012; and July 23, 2012.

33. On July 23, 2012 the false charges were dismissed and sealed.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
### THE USE OF EXCESSIVE AND UNREASONABLE FORCE

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

35. Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that the plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants who gratuitously and maliciously assaulted plaintiff with no need to use any force much less the extreme force they employed.

36. Plaintiff's arms were forced inward and upward behind her back, she was pushed against a wall, and forced into a patrol car, with no legal necessity or justification, and such force was rendered in part when plaintiff was in handcuffs with officers on each side of her.

37. The force defendants employed was used without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

38. The defendants who observed the beatings of plaintiff, and who had a

reasonable opportunity to intervene and failed to do so, are liable to the plaintiff via their failure to act pursuant to their duty to intervene to prevent violations of plaintiff's rights committed in their presence.

39.     Supervising defendant MOHAN was present for the beating and failed to intercede as a supervisor when he witnessed and even participated in the use of excessive force.

40.     As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

41.     By reason of the unlawful use of excessive and unreasonable force, plaintiff was harmed physically, was subjected to physical pain, bruising, humiliation, embarrassment, anxiety, was subjected to various ongoing physical and emotional harms, was pecuniarily harmed and was otherwise harmed.

42.     By reason of the aforesaid, plaintiff has been damaged in a sum to be determined at trial and is entitled to awards of punitive damages, and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH AND
### FOURTEENTH AMENDMENTS VIA
### FALSE ARREST

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

44.     Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§1983, in that plaintiff was falsely arrested by the defendants.

45.     Plaintiff was confined by defendants, defendants intended to confine plaintiff, plaintiff was conscious of her confinement and plaintiff did not consent to the

confinement which was not otherwise privileged.

46. As a direct consequence of defendants' actions, plaintiff was deprived of her rights, privileges and immunities pursuant to the Fourth Amendment of the United States Constitution and more particularly, their right to be free from arrest without probable cause.

47. Among other invasions of her privacy, offenses to her dignity and violations of her rights, plaintiff was subjected to being handcuffed, searched, confined, insulted, humiliated and she was forced to appear in court.

48. The false arrest was caused by defendants without any legal justification, without authority of the law and without any reasonable cause or belief that plaintiff was in fact guilty of crimes.

49. Defendants who were aware of the false arrest and permitted the illegal detentions of plaintiff to commence and/or continue, are liable to plaintiff by virtue of their failure to act pursuant to their affirmative duty to intervene.

50. By reason of the foregoing, plaintiff sustained conscious pain and suffering; she was subjected to pecuniary harms; she was subjected to great indignities, humiliation, fear and anxiety; she was subjected to inhumane conditions; she was prevented from conducting her normal affairs of business, she was confined in jail, she was separated from her family, she was defamed in her community, she was forced to appear in court and she was otherwise harmed.

51. By reason of the foregoing, plaintiff has been damaged in a sum to be determined at trial and is entitled to an award of punitive damages and plaintiff is entitled to awards of attorneys' fees pursuant to 42 U.S.C. § 1988.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH AND
### FOURTEENTH AMENDMENTS VIA
### MALICIOUS PROSECUTION

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

53. Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C.§1983, in that the plaintiff was maliciously prosecuted by the defendants.

54. The said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause and the defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff via a dismissal and the criminal action was commenced and continued intentionally with malice and with deliberate indifference to plaintiff's rights.

55. By reason of the unlawful malicious prosecution, plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, she was forced to spend time in jail as well as being forced to make court appearances, she was defamed in their community and they were subjected to numerous other harms.

56. By reason of the aforesaid, plaintiff has been damaged in a sum to be determined at trial and is entitled to awards of punitive damages and attorney's fees are appropriate pursuant to 42 U.S.C. § 1988.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### THE COMMON LAW OF THE STATE OF NEW YORK VIA
### MALICIOUS PROSECUTION

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein

58. Plaintiff's rights have been violated pursuant to the common law of the State of New York via Malicious Prosecution, in that the plaintiff was falsely imprisoned by the defendants.

59. By reason of the unlawful malicious prosecution, plaintiff was subjected to pecuniary harms, great indignities, humiliation, anxiety, she was forced to spend time in jail as well

as being forced to make court appearances, she was defamed in their community and they were subjected to numerous other harms.

60. By reason of the aforesaid, plaintiff has been damaged in a sum to be determined at trial.

**AS AND FOR A FIFTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS
BY THE CITY OF NEW YORK,
i.e., MONELL CLAIM**

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein

62. Plaintiff's rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant, NYC.

63. Defendants NYC and others who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of officers beating civilians and covering up said beatings by bringing false charges to justify their acts of violence, and that there has been no meaningful attempt on the part of NYC to investigate or forestall further incidents.

64. Defendant NYC intentionally operates an ineffective Civilian Complaint Review Board, which operates for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

65. Defendant NYC intentionally operates an ineffective Internal Affairs Department of the City's police department, which operates for the purpose of wrongfully exonerating and failing to substantiate legitimate claims against officers.

66. As a result of defendant NYC's deliberate indifference to the ineffectiveness of the CCRB and IAB, defendants in the instant case felt free to, and did in fact, violate plaintiff's rights.

67. It is the routine practice of NYPD officers to fail to act on their duty to intervene to protect civilians whose civil rights are being violated by other officers in their presence.

68. It the routine practice of NYPD officers to retaliate against officers who speak up and/or act when they witness other officers violating civilians' rights.

69. In the instant matter, due to the routine practices of the NYPD, defendants who saw codefendants using excessive force upon plaintiff failed to intervene.

70. Despite being often alerted to the recurring aforementioned problems, the NYPD has remained deliberately indifferent to said problems and in so doing encouraged its officers to persist in the aforesaid unconstitutional behavior.

71. The aforementioned unlawful customs and practices by subordinate officials of the NYPD are so manifest and widespread as to imply the constructive acquiescence of policymaking officials.

72. By reason of the aforementioned violations of plaintiff's constitutional rights, plaintiff was subjected to great indignities, humiliation, embarrassment, anxiety, she was prevented from conducting their normal affairs of business, she suffered physical and emotional harms, she was falsely arrested and maliciously prosecuted, she was defamed in her community, she was forced to appear in court and she was subjected to numerous other harms.

73. By reason of the aforesaid, the plaintiff has been damaged in a sum to be determined at trial and that an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**WHEREFORE**, plaintiff demands judgment against the defendants in an amount to be determined at trial, including punitive damages and appropriate attorneys' fees, the costs and disbursements of this action; a trial by jury of all issues set forth in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
      June 17, 2013

            \S\
Jeffrey Weiskopf, Esq. (JW - 3827)
HALPERIN & HALPERIN, P.C.
Co-Counsel for Plaintiff
COURTNEY BALLARD
Office & P.O. Address
18 East 48th Street
New York, New York  10017
(212) 935-2600

            \S\
FRED B. LICHTMACHER (FL-5341)
The Law Office of Fred Lichtmacher P.C.
Co-Counsel for Plaintiff
COURTNEY BALLARD
Office & P.O. Address
The Empire State Building
350 5th Avenue Suite 7116
New York, New York 10118
(212) 922-9066

To:   MICHAEL CARDOZO
      Corporation Counsel City of New York
      100 Church Street
      New York, New York 10007